UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALBERT MAGEE | CIVIL ACTION NO. 16-0123-P |
| VERSUS | JUDGE ELIZABETH FOOTE |
| JOELL WILLIAMS, ET AL. | MAGISTRATE JUDGE HORNSBY |

MEMORANDUM RULING

Before the Court is a Report and Recommendation of the Magistrate Judge to which Plaintiff, Albert Magee ("Magee"), has not objected. [Record Document 12]. The Magistrate Judge recommends that Magee's pro se complaint alleging that he was denied medical care while incarcerated be dismissed with prejudice as frivolous. [*Id.*]. Because the Court finds that Magee has stated an Eighth Amendment claim regarding his medical care, the Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART**. The Court **ADOPTS** the Magistrate Judge's findings and conclusions of law regarding Magee's retaliation and injunctive relief claims, but **REJECTS** the Magistrate Judge's analysis of Magee's Eighth Amendment claims.

Magee, who is HIV-positive, was incarcerated at David Wade Correctional Center ("DWCC"). [Record Documents 1 at 2 and 9 at 3]. Despite repeated requests for treatment, he was allegedly denied appropriate medical care by DWCC officials and staff. [Record Document 9 at 3–7]. Specifically, he has alleged deprivation of his HIV medication and that missed dosages increase the severity of an HIV infection. [*Id.* at 4, 7]. He has also asserted that he suffers from

1

chest and abdominal pain as well as a burning feeling in his veins; although the complaint is not perfectly clear, Magee appears to allege that this pain is related to his HIV medication, which is allegedly due to be changed. [*Id.*]. Magee also alleges that delayed access to a prison doctor forced him to suffer ten months of pain from a chlamydia infection, which has now been cured with a short course of penicillin. [*Id.* at 3, 7]. He also allegedly has herpes and hepatitis diagnoses that DWCC refuses to recognize. [*Id.* at 3–5, 8]. Finally, he alleges that each defendant was aware of his medical needs either because they directly provided (or refused to provide) care or because he specifically informed them of his circumstances via letter. [*Id.* at 3–7].

The Magistrate Judge recommends that the Court dismiss the complaint as frivolous because Magee was seen by medical staff on multiple occasions; thus, the report concludes that he has failed to state a claim for deliberate indifference. [Record Document 12 at 7–9]. Merely being seen by prison medical staff does not prevent a finding of deliberate indifference if the care provided during those visits was so substandard as to evince deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Magee admits that he was repeatedly seen by medical staff, but alleges that they refused to provide appropriate treatment. [Record Document 9 at 3–6]. The severe consequences for a compromised immune system that can flow from even a short-term deprivation of antiviral medication combined with Plaintiff's multiple attempts to bring his conditions to the attention DWCC staff are sufficient facts to state a claim for deliberate indifference at this preliminary stage. [*Id.* at 3–7]. Likewise, because "pain suffered during a delay in treatment" for a serious medical need is actionable under the Eighth Amendment, *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017) (per

curiam) (citing *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006)), Magee has stated a claim that the pain he suffered from his untreated chlamydia and from incorrect HIV medication violated the Eighth Amendment. Therefore, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation regarding Magee's Eighth Amendment claim for inadequate medical care. The Court expresses no opinion on Magee's likelihood of success at later stages of this litigation when he must support his allegations with admissible evidence and every inference need not be drawn in Magee's favor.

Because the Court finds them correct as a matter of law, the Court **ADOPTS** the Magistrate Judge's findings and conclusions of law regarding Magee's retaliation claims and his request for injunctive relief. [Record Document 12 at 9–10].

The Report and Recommendation [Record Document 12] is **ADOPTED IN PART** and **REJECTED IN PART**. It is **ADOPTED** as to Magee's injunctive relief and retaliation claims, but **REJECTED** as to Magee's Eighth Amendment claims for inadequate medical care.

**IT IS ORDERED** that Magee's claims for retaliation and for injunctive relief are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge for further proceedings.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of April, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

3